Sherman AVERY *v.* STATE of Arkansas

92-760                                    844 S.W.2d 364

Supreme Court of Arkansas
Opinion delivered January 11, 1993

*William R. Simpson*, Public Defender, by: *Kent C. Krause*, Dept'y Public Defender.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, a juvenile, was adjudged a delinquent and placed on probation. Subsequently,

the trial court revoked appellant's probation and imposed a fine as punishment. We reverse the revocation of probation and imposition of a fine for failure to comply with the juvenile code, and remand for further proceedings.

Appellant, a fifteen-year-old, was charged in April 1990 in the Juvenile Division of Chancery Court with burglary and reckless burning. An attorney was appointed and appellant was ordered to appear for an "adjudication (D)" on November 13, 1990. "Adjudication (D)" may mean an adjudication and disposition hearing. "'Adjudication hearing' means a hearing to determine whether the allegations in a petition are substantiated by proof." Ark. Code Ann. § 9-27-303(5) (1991). "'Disposition hearing' means a hearing held following an adjudication hearing to determine what action will be taken in delinquency. . . cases." Ark. Code Ann. § 9-27-303(15) (1991). At the "adjudication (D)" hearing the trial court found that appellant had committed the burglary, adjudicated him to be a delinquent, and placed him on probation for one year. The probation was subject to written conditions specified by the court. *See* Ark. Code Ann. § 9-27-330(3) (1991). The reckless burning charge was dismissed.

Five months later, on April 17, 1991, the Prosecuting Attorney filed a petition to revoke probation. *See* Ark. Code Ann. § 9-27-339(b) (1991). As a result of the petition, the appellant was directed by a form order to appear for another "adjudication (D)" on September 26, 1991. He failed to appear and a warrant was issued for his arrest. He was quickly arrested and, on September 30, 1991, was released into the custody of his mother. The revocation hearing was rescheduled for December 12, 1991.

The applicable statute provides that at a revocation hearing, if the trial court finds beyond a reasonable doubt that the juvenile has violated the terms of probation, the court may: (1) extend probation; (2) impose additional conditions of probation; or (3) make any disposition that could have been made at the time probation was originally imposed. Ark. Code Ann. § 9-27-339(e) (1991). At the revocation hearing on December 12, the special judge apparently found beyond a reasonable doubt that the juvenile had violated the terms of probation, but the judge did not revoke probation and fine appellant as could have been done. *See* Ark. Code Ann. §§ 9-27-337(7), 9-2-339(e) (1991). Instead, the

special judge extended probation for an additional year, ordered appellant to stay with his mother, undergo psychological, drug, and alcohol assessment, and continue to attend the Watershed project. In addition to the foregoing adjudication, the last sentence of the form order provides: "This matter is set for Disposition/Review on the _____ day of _____, 19___ at ___ A.M./P.M." The date of March 18, 1992, and time of 9:15 were filled in by handwriting. There were no strike marks on the strike-the-wrong-word form order indicating whether the subsequent hearing on March 18 was to be for disposition or review, but that is of no real significance since the applicable statutes do not provide for a different disposition of the same petition at another hearing three months later. The special judge signed another form order styled "Order to Appear," which had a check mark in a box to notify appellant that the appellant was to appear on March 18, 1992, for "Review of compliance with Orders of this Court." " 'Order to appear' means an order issued by the court directing a person who may be subject to the court's jurisdiction to appear before the court at a date and time as set forth in the order." Ark. Code Ann. § 9-27-303(25) (1991).

The Prosecuting Attorney did not file another petition to revoke probation. No document was served on appellant indicating that a different disposition was to be considered. On March 18, appellant appeared with counsel pursuant to the "Order to appear" but, rather than having just a review, the trial court revoked probation and fined appellant.

Appellant appeals and argues that on December 12, 1991, the trial court made a "disposition" of the petition to revoke under Ark. Code. Ann. § 9-27-339(e)(1)—(2), and the trial court could not make a different disposition of the same petition three months later. The argument is meritorious.

The statute governing revocation proceedings in juvenile court is both clear and specific. Ark. Code Ann. § 9-27-339 (1991) provides that after an adjudication of delinquency, the court may place a juvenile on probation, and, after a juvenile is placed on probation, the prosecuting attorney may file a petition to revoke probation. It does not provide for revocation in any other manner. The petition for revocation must be served on the juvenile, and a revocation hearing must be set within a reasonable

time. At that hearing, "if the trial court finds beyond a reasonable doubt that the juvenile violated the terms and conditions of probation, the court may:

(1) Extend probation;

(2) Impose additional conditions of probation; or

(3) Make any disposition that could have been made at the time probation was imposed." Ark. Code Ann. § 9-27-339(e) (1991).

██ The trial court was authorized by the above-quoted statute to deny the petition to revoke and extend probation under subsection (1) above, as it did in this case, but it was not authorized to take that action and then, three months later, change its mind and grant the petition to revoke under subsection (3) above. After the first disposition denying revocation, the statute requires the prosecutor to file another petition for revocation and give notice to the delinquent that revocation is again being considered before probation can be revoked. If we were to construe the statute to authorize the procedure used in this case, it might well run afoul of the prohibition against double jeopardy, for it was settled by the Supreme Court in *Breed v. Jones*, 421 U.S. 519 (1975), that jeopardy does attach within the meaning of the Fifth Amendment, as applicable to the states under the Fourteenth Amendment, in an adjudicatory delinquency proceeding in juvenile court. Accordingly, we reverse and remand to the juvenile division of chancery court for proceedings consistent with this opinion.