Blake BAILEY *v.* STATE of Arkansas

CR 01-1097 74 S.W.3d 622

Supreme Court of Arkansas
Opinion delivered May 9, 2002

*Terry Goodwin Jones*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Blake Bailey appeals the order of the Craighead County Circuit Court, Juvenile Division, ordering him to pay restitution in the amount of $6,785.60, after his probation was revoked. For reversal, Appellant argues that where the trial court initially reserved the issue of restitution for ninety days, it erred in later reopening the issue and requiring Appellant to pay an increased amount of restitution. This is an issue of first impression; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(1). We reverse and dismiss the order of the trial court.

The record reflects that on April 26, 2000, Appellant, a minor, pled guilty to the charge of residential burglary and theft of property. As a result of his guilty plea, the trial court placed Appellant on probation for twelve months. The trial court also ordered Appellant to pay restitution in an amount to be determined within ninety days from the date of the adjudication hearing. Although the record before us reveals no subsequent order by the trial court setting restitution at a fixed dollar amount, both parties aver that Appellant was ordered to pay $500.00 in restitution, an amount that represented the victims' insurance deductible.

Thereafter, the State filed a petition seeking to revoke Appellant's probation based on an allegation of possession of a controlled substance. The State also moved to resentence him and make restitution correct for the first time. Appellant pled guilty to the possession charge, and on January 17, 2001, the trial court revoked his probation on the basis of the possession charge. Ini-

tially, the trial court sentenced Appellant to serve ninety days in a juvenile detention facility, with thirty days to be served and sixty days deferred.

Thereafter, on March 28, 2001, the trial court held a subsequent hearing to address the issue of restitution. At this hearing, Appellant argued that the trial court lacked authority to revise the amount of restitution after the original ninety-day time period had elapsed. In support of his argument, Appellant relied on Ark. R. Civ. P. 60, which provides that a trial court has ninety days to modify or vacate a judgment, with the exception of correcting any clerical errors. Appellant asserted that this rule had been extended to criminal cases via *State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001). The State countered that once the petition to revoke was filed, it had the effect of reopening the original case and the trial court had the authority to impose any order that he could have originally entered.

After considering the arguments of counsel, the trial court ruled from the bench that Appellant's failure to pay any of the restitution originally ordered was grounds for revoking his probation. The trial court then entered an amended order of revocation requiring payment of restitution in the amount of $6,785.60. Although the trial court acknowledged that Appellant had previously been sentenced to serve ninety days as a result of his probation being revoked, it found that the added restitution did not violate double-jeopardy principles, as some of the ninety-day sentence was deferred. From that order, comes the instant appeal.

 As an initial matter, we address Appellant's right to appeal the trial court's order of punishment, given that he pled guilty to the allegation contained in the State's petition. Generally, there is no right to an appeal from a plea of guilty. *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). Pursuant to Ark. R. Crim. P. 24.3, an appeal from a guilty plea or a plea of *nolo contendere* may be allowed under certain circumstances, none of which are applicable here. This limited right of appeal from a guilty plea also pertains to appeals from juvenile court, as the rules of criminal procedure are applicable to juvenile-delinquency proceedings. *L.H. v. State*, 333 Ark. 613, 973 S.W.2d 477 (1998);

*Mason v. State*, 323 Ark. 361, 914 S.W.2d 751 (1996). *See also* Ark. Code Ann. § 9-27-325(f) (Repl. 2002). Where, however, an appeal from a plea of guilty raises only an issue of sentencing, rather than requiring a review of the plea itself, this court will entertain such an appeal. *Id.*; *Hill*, 318 Ark. 408, 887 S.W.2d 275. Accordingly, the issue raised by Appellant is properly before this court.

For reversal, Appellant argues that the trial court erred in reopening the issue of restitution based on his failure to pay any of the amount originally ordered where the ninety days reserved for the issue had passed. In support of his argument, Appellant relies on *Dawson*, 343 Ark. 683, 692, 38 S.W.3d 319, 324 (quoting *Lord v. Mazzanti*, 339 Ark. 25, 29, 2 S.W.3d 76, 79 (1999)), wherein this court held that after ninety days a circuit court could not change its judgment in order "to make it speak what it did not speak, but ought to have spoken." The State counters that the present matter is distinguishable from *Dawson* in that the modification was not made *sua sponte* by the court, but rather was made in the context of a probation-revocation hearing, and thus, the issue is governed by Ark. Code Ann. § 9-27-339 (Repl. 1998). The State further argues that section 9-27-339(e)(3) grants a trial court the authority to make any disposition that could have been made at the time probation was imposed.

Even though it is not raised by either party, we must first address the issue of whether the trial court had jurisdiction to amend the revocation order and impose an additional punishment on Appellant. This court has held that the issue of a circuit court's loss of jurisdiction to modify a sentence is one that can be raised by this court on its own motion. *Bagwell v. State*, 346 Ark. 18, 53 S.W.3d 520 (2001); *Jones v. State*, 297 Ark. 485, 763 S.W.2d 81 (1989). In a similar vein, this court treats allegations of void or illegal sentences similar to problems of subject-matter jurisdiction, in that we review such allegations whether or not an objection was made in the trial court. *Walker v. State*, 330 Ark. 652, 955 S.W.2d 905 (1997); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). A sentence is void when the trial court lacks the authority to impose it. *Id.* Thus, we must determine whether the trial court possessed the authority to enter the amended order.

We agree with the State that section 9-27-339 governs issues of probation revocation in juvenile court. A revocation hearing is held once the State files a petition seeking to revoke a juvenile's probation. *See* section 9-27-339(d). Section 9-27-339(e) provides that upon finding by a preponderance of the evidence that a juvenile violated his terms of probation, a trial court may:

> (1) Extend probation;
>
> (2) Impose additional conditions of probation;
>
> (3) Make any disposition that could have been made at the time probation was imposed; *or*
>
> (4)(A) Commit the juvenile to a juvenile detention facility for an indeterminate period not to exceed ninety (90) days. [Emphasis added.]

Thus, the State's assertion that under section 9-27-339(e)(3) the trial court was authorized to make any disposition that it could have made when Appellant was placed on probation is correct. The State ignores, however, a very important aspect of this statutory scheme, namely the fact that the options provided for in section 9-27-339(e) are listed in the disjunctive, as indicated by the General Assembly's use of the particle "or."

In discussing the use of the particle "or" in statutes, this court has stated that, "[i]n its ordinary sense the word 'or' is a disjunctive particle that marks an alternative, generally corresponding to 'either,' as 'either this or that'; it is a connective that marks an alternative." *McCoy v. Walker*, 317 Ark. 86, 89-90, 876 S.W.2d 252, 254 (1994) (quoting *Beasley v. Parnell*, 177 Ark. 912, 918, 9 S.W.2d 10, 12 (1928)); *see also Kyle v. State*, 312 Ark. 274, 849 S.W.2d 935 (1993). Moreover, in holding that a statute provided three alternative venues for fraud, this court reasoned that "the General Assembly followed the recognized rule of grammar that a list of items followed by commas and ending with the word 'or' between the final two items shall be read in the disjunctive." *Quinney v. Pittman*, 320 Ark. 177, 183, 895 S.W.2d 538, 541 (1995). Thus, under the rationale of these cases, this court must regard the measures set forth in section 9-27-339(e) as alternatives available to the trial court when revoking a juvenile's probation.

▇ In the instant case, the trial court revoked Appellant's probation on January 17 for possession of a controlled substance and sentenced him to serve ninety days. Over two months later, the trial court held a second hearing, stemming from this same petition to revoke, and found that Appellant's failure to pay restitution was grounds for revocation and entered an amended revocation order increasing the amount of restitution owed by Appellant. Under section 9-27-339, however, the trial court lacked the authority to commit Appellant to a juvenile detention facility and then later make any disposition that he could have imposed at the time Appellant was placed on probation.

▇ Our conclusion is further supported by this court's decision in *Avery v. State*, 311 Ark. 391, 844 S.W.2d 364 (1993). There, a juvenile was placed on one-year's probation for burglary, and the State later filed a petition to revoke his probation. A hearing was held and the trial court found that the juvenile had violated his probation, but did not revoke that probation, choosing instead to extend the term and conditions of probation. The trial court then ordered the juvenile to appear at a review hearing. The State did not file another petition to revoke probation, but at the review hearing, the trial court revoked the juvenile's probation and ordered him to pay a fine. On appeal, the juvenile argued that the trial court disposed of the petition when it denied the State's request for revocation and extended probation, and that it could not make a different disposition several months later. This court agreed with the juvenile and reversed the trial court's order, stating:

> The trial court was authorized by the above-quoted statute to deny the petition to revoke and extend probation under subsection (1) above, as it did in this case, but it was not authorized to take that action and then, three months later, change its mind and grant the petition to revoke under subsection (3) above. After the first disposition denying revocation, the statute requires the prosecutor to file another petition for revocation and give notice to the delinquent that revocation is again being considered before probation can be revoked. If we were to construe the statute to

authorize the procedure used in this case, it might well run afoul of the prohibition against double jeopardy, for it was settled by the Supreme Court in *Breed v. Jones*, 421 U.S. 519 (1975), that jeopardy does attach within the meaning of the Fifth Amendment, as applicable to the states under the Fourteenth Amendment, in an adjudicatory delinquency proceeding in juvenile court.

*Id.* at 394, 844 S.W.2d at 366.

 Here, the trial court's initial order revoking Appellant's probation due to possession of a controlled substance and sentencing him to ninety days' detention constituted a disposition of the matter under section 9-27-339. The trial court's subsequent order revoking Appellant's probation and ordering him to pay restitution of $6,785.60 constituted a second disposition of the same petition. In sum, we disagree with the trial court's determination that jeopardy did not attach once the trial court revoked Appellant's probation and sentenced him to confinement in a juvenile detention facility simply because some of his ninety-day sentence was deferred. Thus, the trial court was without jurisdiction to enter an amended order revoking Appellant's probation and setting restitution at $6,785.60. Accordingly, we reverse the order of the trial court and dismiss this matter.

IMBER, J., not participating.