Matthew BYRD *v.* STATE of Arkansas

CA 03-505                                                  138 S.W.3d 109

Court of Appeals of Arkansas
Division IV
Opinion delivered December 10, 2003

*Bart Zigenhorn*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Linda Blackburn*, Ass't Att'y Gen., for appellee.

L ARRY D. VAUGHT, Judge. This is a juvenile case in which appellant argues that the juvenile court lacked jurisdiction to revoke his suspended sentence where the revocation petition was filed and heard outside the period of suspension. We find appellant's argument to be without merit, and we affirm.

Appellant Matthew Byrd was adjudicated delinquent on July 15, 2002, after pleading guilty to the charge of possession of a handgun by a minor. A disposition delinquency order and an order of probation were filed the same day, placing appellant on two years' probation subject to terms and conditions. On August 30, 2002, the State filed a petition for revocation of the probationary sentence alleging that appellant violated the terms of his probation. The trial court found that appellant had violated the terms of his probation, and it entered a probation revocation order on October 7, 2002, ordering appellant to serve ninety days in the Crittenden County Juvenile Detention Center. In addition, the order provided that the previous order of probation remain in effect and that a six-month review hearing be held on October 14, 2002.

After the October 14 hearing, the court entered another probation revocation order providing that appellant remain in detention until October 21, 2002, and setting a review hearing for October 21, 2002. A hearing was held on October 21, 2002, and the trial court entered another probation revocation order on October 22, 2002, providing that appellant be placed in detention upon discharge from St. Bernardo Hospital; a review hearing was set for October 25, 2002. After the October 25, 2002 hearing, appellant was ordered to serve ninety days in the Crittenden County Juvenile Detention Center, and he was given credit for seven days; review was set for November 15, 2002. Appellant was released from detention after the November 15, 2002 hearing. The remaining sixty-two days of detention were suspended and the previous orders of the court were continued.

On January 29, 2003, the State filed another petition to revoke appellant's probationary sentence stemming from the July 15, 2002 adjudication of delinquency. A hearing was held on February 21, 2003. Appellant initially entered a plea of guilty, but he objected to the sentence arguing that the court was without jurisdiction to impose any additional sentence. Appellant withdrew his plea but stipulated to the facts set out in the revocation petition. The court found that appellant had violated his probation and ordered him to serve sixty-two days in the Crittenden County Juvenile Detention Center. Appellant again objected to the sentence, arguing that his sentence had been placed into execution, that the court was without jurisdiction to impose any additional sentence, and that the imposition of a new sentence would violate double jeopardy. From that order comes this appeal.

Appellant's only issue on appeal is that the trial court lacked jurisdiction to revoke a suspended sentence of a juvenile where the revocation petition was filed and heard outside the period of suspension. He contends that: (1) pursuant to Ark. Code Ann. § 5-4-307 (Repl. 1997), a suspended sentence begins to run from the date of release from incarceration if it follows a term of imprisonment, and thus the sixty-two days of detention suspended on November 15, 2002, had expired and the trial court lost jurisdiction to revoke the suspended sentence; (2) based on Ark. Code Ann. § 5-4-309 (Supp. 2003) the State's revocation petition was untimely because it was filed outside the period of suspension; (3) based on *Bailey v. State*, 348 Ark. 524, 74 S.W.3d 622 (2002), if a court chooses to revoke probation pursuant to Ark. Code Ann. § 9-27-339(e) (Repl. 2002) and sentence the juvenile to a deten-

tion facility (even where a portion of the sentence is deferred), the sentence constitutes a disposition and deprives the court of jurisdiction to subsequently modify the sentence.

■ Appellant's reliance on criminal code provisions is misplaced, because the juvenile code governs. *See M.M. v. State*, 350 Ark. 328, 331, 88 S.W.3d 406, 408 (2002). Arkansas Juvenile Code section 9-27-331(c)(1) (Supp. 2003) is controlling. It provides that an order of probation shall remain in effect for an indeterminate period not to exceed two years. Under section 9-27-331(c)(2), a juvenile shall be released upon expiration of the order or upon a finding by the court that the purpose of the order has been achieved. In the present case, the order of probation had not expired and the court had not released appellant from probation. Because appellant's probation remained in effect, the juvenile court had jurisdiction to revoke his probation pursuant to Ark. Code Ann. § 9-27-339. Further, under Ark. Code Ann. § 9-27-339(e)(3), the court had the authority upon revocation to make any disposition that could have been made at the time probation was imposed, which under Ark. Code Ann. § 9-27-330(a) could include probation and detention in a juvenile facility for an indeterminate period not to exceed ninety days.

Although *Bailey v. State*, 348 Ark. 524, 74 S.W.3d 622 (2002), which appellant cites in support of his argument, is a juvenile case, it does not support reversal. In *Bailey*, the appellant pled guilty to the charges of residential burglary and theft of property and was placed on probation for twelve months on April 26, 2000. The court also ordered appellant to pay restitution in an amount to be determined within ninety days of the date of the adjudication hearing. The record did not contain an order of restitution, but the parties agreed that appellant was ordered to pay $500 in restitution. The State filed a petition to revoke appellant's probation based on an allegation of possession of a controlled substance; the State also moved to resentence appellant to make the restitution correct. Appellant pled guilty to the possession charge, and on January 17, 2001, the trial court revoked his probation and sentenced him to serve ninety days in a juvenile detention facility, with thirty days to be served and sixty days deferred. On March 28, 2001, the trial court held a subsequent hearing to address the issue of restitution, where appellant argued that the trial court was without jurisdiction pursuant to Ark. R. Civ. P. 60 to revise the amount of restitution after the original

ninety-day time period had elapsed. The trial court entered an amended order of revocation requiring appellant to pay $6,785.60 in restitution.

■ On appeal, the supreme court reversed, holding that Ark. Code Ann. § 9-27-339 provides four alternatives for disposition upon finding a juvenile in violation of probation. The court recognized that while the trial court could have made any disposition that it could have at the time probation was imposed, the court chose to sentence appellant to serve ninety days and then over two months later held a second hearing stemming from the *same* petition and found that appellant's failure to pay restitution was grounds to revoke and entered an amended order increasing restitution. Thus, the supreme court concluded that the lower court lacked the authority to commit appellant and then later make any disposition that could have been imposed at the time he was placed on probation. *See also Avery v. State,* 311 Ark. 391, 844 S.W.2d 364 (1993) (stating that after the juvenile court's denial of the State's petition for revocation, the juvenile code requires the State to file *another petition* for revocation and give notice to the juvenile that revocation is again being pursued before probation can be revoked).

■ Based on the foregoing, the juvenile court in this case had the authority to revoke appellant's probation pursuant to a second petition to revoke and to impose any disposition available at the time probation was imposed.

Affirmed.

HART and BIRD, JJ., agree.