203 S.W.3d 103 (2006)
K.N., Appellant,
v.
STATE of Arkansas, Appellee,
04-1148
Supreme Court of Arkansas
Opinion Delivered February 10, 2005
JIM GUNTER, Associate Justice
Appellant, K.N., appeals the order of the Washington County Circuit Court, Juvenile Division, revoking her probation. For reversal, K.N. makes three allegations of error concerning the admissibility of evidence and the imposition of sanctions. We affirm the trial court's revocation order.
On May 25, 2004, K.N. entered a plea of guilty to possession of an instrument of crime, a violation of Ark. Code Ann. § 5-73-102 (Repl. 1997), a class A misdemeanor, and possession of a controlled substance, a violation of Ark. Code Ann. § 5-64-401 (Supp. 2003), a class A misdemeanor. On June 1, 2004, the Washington County Circuit Court adjudicated her delinquent, placed her on probation, and sentenced her to a twenty-day suspended sentence in the Juvenile Detention Center. The terms of K.N.'s probation included that she refrain from using illegal substances, that she submit to random drug tests, and that she meet with her probation officer.
On June 30, 2004, K.N. met with her juvenile probation officer, Renee McCown. During that meeting, K.N. was given a drug test. The results of the drug test were positive for the adulterant, Quick 45, which is intended to clean out the system for purposes of passing a drug test. When Ms. McCown questioned K.N. about the drug test, K.N. admitted to using Quick 45 and to smoking marijuana while on probation.
The State filed a petition to revoke probation on the basis that K.N. admitted to using an adulterant to pass the drug test and to marijuana use. After arraignment, the trial court ordered K.N. to be held in detention pending an adjudication hearing.
On July 12, 2004, an adjudication hearing was held to consider the petition to revoke probation. During the hearing, Ms. McCown testified about K.N.'s statements concerning her drug test over K.N.'s objection. The trial court found by a preponderance of the evidence that K.N. violated the conditions of her probation. The trial court ordered her to spend twenty days in detention with fourteen days suspended, placed her on probation with certain conditions, and ordered that K.N. receive inpatient treatment for drug use. K.N. brings this appeal from the order of disposition.
We note that the Arkansas Juvenile Code and its provisions apply to proceedings in the juvenile court. K.M. v. State, 335 Ark. 85, 983 S.W.2d 93 (1998). Specifically, Ark. Code Ann. § 9-27-339 governs issues of probation revocation in juvenile court. Bailey v. State, 348 Ark. 524, 74 S.W.3d 622 (2002). A revocation hearing is held once the State files a petition seeking to revoke a juvenile's probation. See Ark. Code Ann. § 9-27-339(d). In juvenile-revocation cases, the trial court must find by a preponderance of the evidence that the juvenile violated the terms and conditions of probation. Ark. Code Ann. § 9-27-339(e). We have consistently held that a trial court's ruling in matters relating to the admission of evidence will not be reversed absent an abuse of discretion. M.M. v. State, 350 Ark. 328, 88 S.W.3d 406 (2002). With this standard of review in mind, we turn to the present case.
For her first point on appeal, K.N. argues that the trial court erred in admitting her statements to her probation officer, Ms. McCown, before her revocation hearing. K.N. contends that Ark. Code Ann. § 9-27-321 (Supp. 2003) prohibits the admissibility of her statements to her juvenile probation officer because those statements were made during an "intake process." Id. The State responds, arguing that K.N.'s statements were made during a meeting with her probation officer after she had been adjudicated delinquent in accordance with her own guilty plea.
This issue requires our interpretation of Ark. Code Ann. § 9-27-321. We recently articulated our rules regarding statutory construction in Weiss v. American Honda Finance Corp., ___ Ark. ___, ___ S.W.2d ___ (Dec. 14, 2004):
The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Raley v. Wagner, 346 Ark. 234, 57 S.W.3d 683 (2001); Dunklin v. Ramsay, 328 Ark. 263, 944 S.W.2d 76 (1997). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. Stephens v. Arkansas Sch. for the Blind, 341 Ark. 939, 20 S.W.3d 397 (2000); Burcham v. City of Van Buren, 330 Ark. 451, 954 S.W.2d 266 (1997). Where the meaning is not clear, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, the legislative history, and other appropriate means that shed light on the subject. Stephens v. Arkansas Sch. for the Blind, supra (citing State v. McLeod, 318 Ark. 781, 888 S.W.2d 639 (1994)). Finally, the ultimate rule of statutory construction is to give effect to the intent of the General Assembly. Ford v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999); Kildow v. Baldwin Piano & Organ, 333 Ark. 335, 969 S.W.2d 190 (1998).
Weiss, supra.
With these principles in mind, we turn to Ark. Code Ann. § 9-27-321, which provides:
Statements made by a juvenile to the intake officer or probation officer during the intake process before a hearing on the merits of the petition filed against the juvenile shall not be used or be admissible against the juvenile at any stage of any proceedings in circuit court or in any other court.
Id.
In Manatt v. State, 311 Ark. 17, 842 S.W.2d 845 (1992), we considered the issue at bar. However, in Manatt, we concluded that the juvenile's incriminating statements at issue were made to a police officer and not to an intake officer. Thus, Ark. Code Ann. § 9-27-321 was inapplicable to the circumstances in that case. Further, we note that the facts in Manatt did not involve issues of probation revocation.
Guided by our statutory-construction rules, we now examine the plain meaning of the statute. Weiss, supra. The definition section of the Juvenile Code, found at Ark. Code Ann. § 9-27-303 (Supp. 2003), does not contain a definition of "intake process." Here, we contemplate the phrase, "intake process," to include questioning a juvenile by an intake officer or by a probation officer before a hearing on the merits of a petition filed before the juvenile is adjudicated delinquent. Thus, we interpret Ark. Code Ann. § 9-27-321 to apply to pre-adjudication situations rather than pre-revocation scenarios.
Appellant argues that K.N.'s statements were made during a new intake process before a hearing on the merits of her revocation petition. Id. However, K.N.'s argument is misplaced. At trial, K.N.'s probation officer, Ms. McCown, testified that she met with K.N. on June 9, 2004, to review the terms of her probation, which included a random drug screen. On June 30, 2004, K.N. submitted to a random drug test. Ms. McCown testified that K.N.'s urine was a "funny color," so it was tested for an adulterant, and the results were positive. Ms. McCown further testified that K.N. admitted to having smoked marijuana and to having taken the adulterant. Over K.N.'s objection, the trial court admitted the evidence. At trial, the following colloquy occurred:
THE COURT: This states that the statement was made by the juvenile to the intake officer, probation officer during the intake process prior to hearing on the merits of the petition filed against the juvenile shall not be used or be admissible against the juvenile in any proceedings in juvenile court or any other court. This was not a statement made during the intake proceedings. This was a statement made by the juvenile to the [probation officer] after she was placed on probation and after she was adjudicated delinquent. The statute strictly applies to the intake process before the child is adjudicated delinquent. I still stand with overruling your objection.
MR. RUSSO: The defense would contend that once the drug screen was back, the adulteration was present, the probation at that point in time began a new delinquency proceeding and was going to find this juvenile delinquent in the terms contained within the code. As such, that started a new intake process for the purposes of revocation and as such any statements made are strictly inadmissible.
THE COURT: I do not agree with that summary of the law. I am going to overrule your objection and note your objection for the record. But I find that any statements that she made to her probation officer do not fall within 9-27-321 as it was not an intake process. She was already adjudicated delinquent[.]
We agree with the trial court's interpretation of Ark. Code Ann. § 9-27-321. Here, K.N.'s statements were made in a pre-revocation context. During a required meeting with her probation officer, K.N. admitted to marijuana use and to taking the adulterant, Quick 45. The use of these substances violated the required conditions of her probation. See Ark. Code Ann. § 9-27-347(c) (Supp. 2003). Thus, the statements were admitted to prove by a preponderance of the evidence that K.N. violated the terms and conditions of probation, pursuant to Ark. Code Ann. § 9-27-339(e).
The term, "probation officer," in the statute refers to those scenarios illustrated in Fare v. Michael C., 442 U.S. 707 (1979), in which a sixteen-year-old juvenile, who was already on probation and had a record of prior offenses, was taken into custody on suspicion of murder, and he requested to see his probation officer. In Fare, supra, the United States Supreme Court reversed the California Supreme Court, holding that the California court erred in finding that the juvenile's request for his probation officer was a per se invocation of the juvenile's Fifth Amendment rights under Miranda. Although the issues in Fare, supra, are different than the present case, the juvenile requested to speak to his probation officer in a pre-adjudication context. Thus, we conclude that section 9-27-321 protects juveniles from Miranda violations in a pre-adjudication context, not at a revocation hearing.
Next, K.N. argues that her uncorroborated statements to the probation officer are inadmissible. Specifically, K.N. contends that her statements were not corroborated by either the urine sample or actual tests performed on the urine. In response, the State argues that appellant's statements to her probation officer were not used for the purpose of obtaining an adjudication, and the corroboration requirement does not apply.
We agree with the State's position. The corroboration requirement is found at Ark. Code Ann. § 16-89-111 (Supp. 2003), which provides that "[a] confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." Id. Here, the admissibility of K.N.'s statements were admitted to prove that K.N. had violated the terms of her probation. For this reason, we hold that the trial court was correct in admitting these statements.
Based upon the foregoing conclusions, as well as our standard of review in probation-revocation hearings, we hold that the trial court did not abuse its discretion in admitting K.N's statements to her probation officer.
For her second point on appeal, K.N. argues that the trial court erred in admitting a letter written by K.N.'s counselor to her probation officer. Specifically, she contends that the letter is hearsay evidence and is inadmissible under Ark. Code Ann. § 9-27-325(e)(1) and the Arkansas Rules of Evidence.
Over defense counsel's objections, the trial court admitted a letter written by Lewis Chambliss to Ms. McCown on July 1, 2004, stating that K.N. received counseling services for the past three months. Mr. Chambliss wrote, "[K.N.'s] present diagnosis is mood disturbance not otherwise specified with secondary substance abuse. However, this diagnosis is being formally changed today to a primary diagnosis of polysubstance abuse." In his letter, Mr. Chambliss recommended that K.N. seek treatment at a residential substance abuse treatment facility. At trial, defense counsel objected to the admissibility of this letter, and the following colloquy occurred:
THE COURT: Any objection, counsel?
MR. RUSSO: Yes, your honor, defense would still object as to hearsay basis because obviously this not the best evidence. The State could have had Mr. Chambliss here and/or better record as to substance for his diagnosis.
THE COURT: I understand your objection. However, I do believe it sounds like the letter refers to what the court's recommendations would be if I find that she violated her probation and not to whether or not she violated her probation. So if you are objecting.
* * *
THE COURT: I am going to allow it in over your objection.
In the present case, K.N.'s argument for reversal fails because the rules of evidence, including the hearsay rule, do not apply to proceedings for granting or revoking probation. As a general rule, the Arkansas Juvenile Code requires the application of the Arkansas Rules of Evidence. See Ark. Code Ann. § 9-25-325(e)(1) (Supp. 2003). However, Ark. R. Evid. 1101(b)(3) of the Arkansas Rules of Evidence provides:
(b) Rules Inapplicable. The rules other than those with respect to privileges do not apply in the following situations:
* * *
(3) Miscellaneous proceedings. Proceedings for extradition or rendition; [preliminary examination] detention hearing in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.
Id. (emphasis added). See also Redman v. State, 265 Ark. 774, 580 S.W.2d 945 (1979).
We note that the rules of evidence do not apply to probation-revocation hearings, even in a juvenile proceeding, particularly in light of Rule 1101(b)(3). Therefore, because the rules of evidence did not apply at K.N.'s probation-revocation hearing, we find no merit in her argument that the letter written by Mr. Chambliss was inadmissible.
For her third point on appeal, K.N. argues that the trial court erred in ordering incarceration and additional terms of her probation after finding that she had revoked the terms of her probation. Specifically, she contends that her second order of disposition, dated July 12, 2004, includes inpatient drug treatment that was not a part of the original order dated May 25, 2004, which adjudicated her delinquent. In response, the State argues that the trial court's disposition order on the revocation did not exceed the disposition that could have been ordered at the time K.N.'s probation was imposed.
Arkansas Code Annotated § 9-27-339(e) governs issues of probation revocation in juvenile court. The statute governing revocation proceedings in juvenile court is both clear and specific. Avery v. State, 311 Ark. 391, 844 S.W.2d 364 (1993). Arkansas Code Annotated § 9-27-339 provides that upon finding by a preponderance of the evidence that a juvenile violated his terms of probation, a trial court may:
(1) Extend probation;
(2) Impose additional conditions of probation;
(3) Make any disposition that could have been made at the time probation was imposed; or
(4)(A) Commit the juvenile to a juvenile detention facility for an indeterminate period not to exceed ninety (90) days.
Id. Under Ark. Code Ann. § 9-27-339(e)(3), the trial court had the authority upon revocation to make any disposition that could have been made at the time probation was imposed, which under Ark. Code Ann. § 9-27-330(a) could include probation and detention in a juvenile facility for an indeterminate period not to exceed ninety days.
Without a great deal of analysis, appellant relies upon Bailey v. State, 348 Ark. 524, 74 S.W.3d 622 (2002), for the proposition that the trial court erred when it sentenced her to twenty days of detention in addition to an imposed inpatient drug treatment and electronic monitoring. In Bailey, the appellant pled guilty to the charges of residential burglary and theft of property and was placed on probation for twelve months. The trial court also ordered appellant to pay restitution in an amount to be determined within ninety days of the date of the adjudication hearing. The record did not contain an order of restitution, but the parties agreed that appellant was ordered to pay $500 in restitution. The State filed a petition to revoke appellant's probation based on an allegation of possession of a controlled substance, and the State moved to resentence appellant to make the restitution correct. Appellant pleaded guilty to the possession charge, and the trial court revoked his probation and sentenced him to serve ninety days in a juvenile-detention facility, with thirty days to be served and sixty days deferred. The trial court held a subsequent hearing to address the issue of restitution, where appellant argued that the trial court was without jurisdiction pursuant to Ark. R. Civ. P. 60 to revise the amount of restitution after the original ninety-day time period had elapsed. The trial court entered an amended order of revocation requiring appellant to pay $6,785.60 in restitution.
In Bailey, we reversed, holding that Ark. Code Ann. § 9-27-339 provides four alternatives for disposition upon finding a juvenile in violation of probation. We recognized that, while the trial court had the authority to make any disposition that it could have at the time probation was imposed, the trial court chose to sentence appellant to serve ninety days. Over two months later, the trial court held a second hearing stemming from the same petition, and found that appellant's failure to pay restitution was grounds to revoke, and entered an amended order increasing restitution. We concluded that the trial court was without jurisdiction to enter a second disposition from the same order in which the trial court revoked probation and set restitution. See also Avery, supra (stating that after the juvenile court's denial of the State's petition for revocation, the juvenile code requires the State to file another petition for revocation and give notice to the juvenile that revocation is again being pursued before probation can be revoked).
Appellant's reliance on Bailey, supra, is misplaced. Here, the trial court did not amend its revocation order, but rather entered an order of disposition on the revocation after finding that K.N. violated the terms of her probation. At the time that K.N. entered a plea of guilty, the trial court could have ordered detention under Ark. Code Ann. § 9-27-330(a)(11) (Supp. 2003) and probation with the condition of receiving inpatient drug treatment pursuant to Ark. Code Ann. § 9-27-330(a)(4) (Supp. 2003). Based upon this statutory authority, the trial court did not err in ordering both detention and inpatient drug treatment in the revocation order. Accordingly, we affirm on this point.
Affirmed.