

Cite as 2013 Ark. App. 492

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-12-755

|  |  |
|---|---|
| | **OPINION DELIVERED** SEPTEMBER 18, 2013 |
| IVORY LAMAR COLE<br>APPELLANT | APPEAL FROM THE ARKANSAS COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. CR-2011-187] |
| V. | |
| | HONORABLE DAVID G. HENRY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

An Arkansas County jury convicted appellant, Ivory Cole, of theft of property and sentenced him to sixty months' imprisonment in the Arkansas Department of Correction (ADC). His sole argument on appeal is that the circuit court erred in failing to instruct the jury on the lesser-included offense of attempted theft. We affirm.

On October 18, 2011, at approximately 9:00 p.m., appellant entered the main entrance of the Wal-Mart store in Stuttgart, Arkansas. He walked through the store pushing a shopping cart and picked up a camouflage jacket, placing it in the shopping cart. Appellant then went to the electronics department and loaded several televisions in the cart. He made his way to the garden center and tossed the items in the cart over the garden-center fence. Appellant returned to the interior part of the store and loaded several other items into the shopping cart, including four car stereos. He went back to the garden center and threw



those items over the fence as well. Appellant subsequently exited the store through the main entrance, got into his silver Chevrolet Trailblazer, and drove around to the outside of the garden-center area of the store where the items he had thrown over the fence had landed.

The incident was captured by Wal-Mart's security system and was witnessed by Shan Walker, the store's asset-protection coordinator. Ms. Walker called the police, who arrived shortly thereafter in a police cruiser. Officers were shining the patrol vehicle's spotlight on the merchandise in the graveled area outside the garden-center fence when appellant drove around to the merchandise. When appellant saw the police car, he sped away without loading the merchandise; the police pursued him, pulled him over, and arrested him for driving on a suspended license. After appellant's arrest, the items were recovered and brought back into the store; their value exceeded $1,300. Appellant was subsequently charged with theft of property.

During trial, the surveillance videos of appellant's actions were played for the jury and introduced into evidence. Defense counsel made a proffer of a jury instruction for a lesser-included offense of attempted theft, but the circuit court did not submit them to the jury. The jury found appellant guilty of theft of property and sentenced him to six years in the ADC pursuant to a February 15, 2012 sentencing order. He filed a timely notice of appeal on February 22, 2012.

An instruction on a lesser-included offense is appropriate when it is supported by even the slightest evidence. *Green v. State*, 2012 Ark. 19, 386 S.W.3d 413. Once an offense is determined to be a lesser-included offense, the circuit court is obligated to instruct the jury



on that offense only if there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the lesser-included offense. *Id.* A circuit court's ruling on whether to submit a jury instruction will not be reversed absent an abuse of discretion. *Id.*

Under Arkansas Code Annotated section 5-1-110(b) (Supp. 2011), a defendant may be convicted of one offense included in another offense with which he or she is charged. The determination of when an offense is included in another offense depends upon whether it meets one of the three tests set out in section 5-1-110(b). An offense is included in an offense charged if the offense: (1) is established by proof of the same or less than all of the elements required to establish the commission of the offense charged; (2) consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or (3) differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest of a lesser kind of culpable mental state suffices to establish the offense's commission. *Id.* Under subsection (c), in a jury trial the court is not obligated to charge the jury with respect to an included offense unless there is a rational basis for a decision acquitting the defendant of the offense charged and convicting him of the included offense. Ark. Code Ann. § 5-1-110(c) (Supp. 2011).

Appellant argues that the circuit court erred when it failed to include a jury instruction for attempted theft of property as a lesser-included offense of theft of property. He claims that there was a rational basis for including the proffered jury instructions for attempted theft,

3

and he argues that there was sufficient evidence that could have supported the charge of attempted theft.

> Conduct constituting attempt is defined as follows:
>
> (a) A person attempts to commit an offense if he or she purposely engages in conduct that
> (1) Would constitute an offense if the attendant circumstances were as the person believes them to be; or
> (2) Constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be.
>
> (b) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpable mental state otherwise required for the commission of the offense, the person purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result.
>
> (c) Conduct is not a substantial step under this section unless the conduct is strongly corroborative of the person's criminal purpose.

Ark. Code Ann. § 5-3-201(a)(1)–(2) (Repl. 2006). The elements of theft of property include:

> (a) A person commits theft of property if he or she knowingly:
> (1) Takes or exercises unauthorized control over or makes an unauthorized transfer of an interest in the property of another person with the purpose of depriving the owner of the property; or
> (2) Obtains the property of another person by deception or by threat with the purpose of depriving the owner of the property.

Ark. Code Ann. § 5-36-103 (Supp. 2011). The "knowing" element of both attempted theft and theft of property require the State to prove that appellant committed the act knowing that he intended either to commit theft or to exercise unauthorized control over the property. Ark. Code Ann. §§ 5-3-201; 5-36-103.

SLIP OPINION



In the current case, appellant submits that his acts establish all the elements of attempted theft. He claims that his actions manifested a belief that he could throw the items from his cart over the fence and then retrieve them when he left the store. Appellant went to the back of the building where the items landed in an effort to retrieve those items, which he claims strongly corroborates his intent to steal the property and not just control it. Accordingly, he maintains that it was error for the circuit court not to instruct the jury regarding attempted theft of property.

We disagree. Appellant clearly exercised unauthorized control over Wal-Mart's property when he threw it over the garden-center fence into the gravel area off the store's parking lot. The State maintains, and we agree, that appellant did so with the intent to deprive Wal-Mart of the property by (1) removing the property from the store building in an unorthodox manner without paying for it, (2) throwing it in a place outside the building where customers normally do not travel, (3) leaving the store building, (4) driving off the parking lot to the area where he threw the property, and (5) speeding away when he saw that police had discovered the property before his arrival.

We hold that the act of theft of property was complete when appellant exercised unauthorized control over the property with the intent to deprive its owner of the property; he was not required also to "take" the property to complete the crime. *See Bailey v. State*, 348 Ark. 524, 74 S.W.3d 622 (2002). To consider the exercise of unauthorized control to be merely a step toward taking the property in an attempted theft ignores the obvious

SLIP OPINION

meaning of the statute and its legislative intent. *See Magness v. State*, 2012 Ark. 16, 386 S.W.3d 390.

Our supreme court has applied the theft-of-property statute to similar factual situations in a manner that supports the circuit court's refusal of the attempted-theft instruction. *See Williams v. State*, 2010 Ark. App. 189; *Jarrett v. State*, 265 Ark. 662, 580 S.W.2d 460 (1979). The evidence clearly supported the theft-of-property charge based on the unauthorized exercise of control over the property, and the circuit judge was not obligated to give a lesser-included-offense instruction of attempted theft of property, as there was no rational basis for the jury to acquit appellant of theft of property and convict him of attempting to commit the crime.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*Warner Legal Services*, by: *Margo D. Warner*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.