KAREN R. BAKER, Justice, dissenting. Because I do not agree that Pedraza can appeal from his guilty plea, I must respectfully dissent. Pedraza admits that any error that occurred in this case prior to the entry of his guilty plea is waived. Therefore, the only error that he asserts on appeal is that he was not allowed to perform further voir dire on the seated jury after the entry of his guilty plea. He asserts that additional voir dire was necessary in order to determine if the unsworn jurors were biased against him because he had pleaded guilty to the lesser offense of first-degree murder. Generally, a defendant may not appeal from a plea of guilty. Ark. R.App. P.-Crim. 1 (2013). However, in Hill v. State, 318 Ark. 408, 887 S.W.2d 275 (1994), and Bailey v. State, 348 Ark. 524, 74 S.W.3d 622 (2002), we outlined an exception to this general rule when the defendant appeals only an issue of sentencing, rather than a review of the guilty plea itself. This exception provides that the issue appealed from must be decided separate and apart from the guilty plea. The majority concludes that the record does not reflect that the preclusion of further voir dire was an integral part of the plea agreement. I disagree. The record reflects that Pedra-za was made aware, prior to the plea agreement being finalized, that the jury as selected would be his sentencing jury. The prosecutor specifically stated, on the record: |1T We were in discussions last night. I told them that the only thing I would consider doing at this stage with a jury picked would be for him to plead guilty to first degree murder and the jury sentence him under the evidence (inaudible). Further, shortly thereafter, the court stated: What I will do then is this: I do want— For the benefit of counsel and the state, I do want an under seal plea offer to the charge, whatever, the charge will be; and I want an agreement, naturally, that this same jury will be used. I’m not going to go through that again. Clearly, the use of the selected jury was a requirement of Pedraza’s guilty plea. In Henagan v. State, 302 Ark. 599, 791 S.W.2d 371 (1990), we dismissed the appeal for lack of jurisdiction. The defendant had pleaded guilty and requested probation. The circuit court sentenced him to ten years, finding that the minimum sentence in the case was ten years and that he was not eligible for probation. Henagan appealed, arguing that the circuit court had erred in finding that he was not eligible for probation. We distinguished the case from Jones v. State, 301 Ark. 510, 785 S.W.2d 217 (1990), where an appeal was allowed, on the basis that Jones had been an appeal from a posttrial motion, whereas Henagan was an appeal from the sentencing procedure, which was an integral part of acceptance of Henagan’s plea of guilty. Henagan, 302 Ark. at 601, 791 S.W.2d at 372. More recently, in Spires v. State, 2013 Ark. 6, 2013 WL 7851716, this court dismissed the appeal for a lack of jurisdiction. In Spires, the defendant pleaded guilty to two counts of theft of property valued at over $2,500 for the theft of lottery tickets and one count of felony fraud for cashing the lottery tickets. The Lonoke County Circuit Court ordered that Spires pay restitution to Mallard Express. Spires appealed. This court held that the restitution order did not fall under |12the exception outlined in Hill and Bailey because Spires agreed to the restitution as part of her guilty plea prior to entering it. In order for the exception to apply, the restitution must have been decided separate and apart from the guilty plea. Here, as in Spires and Henagan, the issue on appeal was not decided separate and apart from the guilty plea. Both the State and the circuit court made it clear prior to Pedraza’s entry of his guilty plea that the plea would only be accepted if the jury already impaneled sat for the sentencing phase of the trial. Therefore, the qualification of the jurors was a part of the plea agreement. The majority emphasizes that there was no stipulation that the jury was qualified to serve and takes this as an indication that the preclusion of further voir dire was not an integral part of the plea agreement. However, the record makes clear that the circuit court’s acceptance of the plea agreement was conditioned upon Pedraza’s agreement that the seated jury would sentence him. Additionally, Pedraza has not shown that any juror was prejudiced against him by his guilty plea. We will not presume prejudice where an error is alleged. Hickman v. State, 372 Ark. 438, 277 S.W.3d 217 (2008). An appellant must present specific facts to show prejudice because we will not reverse for harmless error. Id. Indeed, if Pedraza’s true concern was that the jury was not qualified to sentence him on the reduced charge of first-degree murder, the only relief available to him would have been to request that the circuit court allow him to withdraw his guilty plea and proceed to trial on the original charge of capital murder. Instead, 11sPedraza sought to keep the benefit of the plea agreement while rejecting the condition upon which the agreement was made. Because Pedraza appeals from an issue that was a condition integral to the circuit court’s acceptance of the plea agreement, we do not have jurisdiction to hear this appeal and it should be dismissed. HART, J., joins in this dissent.