## ST. LOUIS SOUTHWESTERN RAILWAY CO. *v.*
Charles D. RAGLAND, Commissioner of Revenue, State of
Arkansas, and Department of Finance and Administration

90-174                                    800 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered December 3, 1990

*Ramsay, Bridgforth, Harrelson & Starling*, by: *Patrick A. Burrow*, for appellant.

*John H. Theis, William E. Keadle, Robert C. Jones, Ricky L. Pruett, David B. Kaufman, Malcolm P. Bobo, and Beth B. Carson*, by: *Cora L. Gentry*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, St. Louis

Southwestern Railway Company (SSW), appeals from a decision of the Pulaski Country Chancery Court holding that for state tax purposes, SSW is required to include certain nonbusiness income in calculating its net operating losses for 1980 and 1981. We affirm.

SSW initially brought suit in the Chancery Court of Pulaski County against the Commissioner of Revenue (Commissioner) asserting claims for refunds for the tax years 1976 and 1977. SSW later filed a second suit asserting claims for refunds for 1978 and 1979 which was consolidated with the first action.

While this litigation was pending, the Commissioner notified SSW of its disagreement with certain items contained in SSW's tax returns filed for 1981 through 1983. Because some of the issues raised were identical to the issues pending before the court in the consolidated action, it was agreed that the court's decisions in the consolidated action, with regard to those issues, would be controlling. The parties eventually reached a settlement agreement concerning all tax years before the court, and the chancellor entered an order dismissing the litigation.

As a result, SSW filed amended returns for the tax years in question in accordance with what it believed to be terms of the settlement agreement. The Commissioner, however, disputed SSW's method of computing its net operating losses for 1980 and 1981. The Commissioner argued that certain nonbusiness income should be added to the gross income in calculating net operating losses which resulted in the elimination of the 1980 net operating loss carryforward and a reduction of the 1981 carryforward.

SSW filed a motion with the Pulaski County Chancery Court to reopen the case and enforce the settlement agreement or, in the alternative, to determine correct computation of net operating loss. SSW argued that reconsideration of the settlement agreement was barred by res judicata; however, the chancellor agreed with the Commissioner that because computation of net operating loss was never at issue in the previous actions but, rather, arose from the agreement itself, litigation on the merits was proper.

After consideration of the briefs in support of both arguments, the chancellor held in favor of the Commissioner. From

this ruling, SSW appeals.

For reversal, SSW contends that the chancellor erred by including nonbusiness income, allocated to other states under Ark. Code Ann. § 26-51-701 through -723 (1987), in the computation of its net operating loss under Ark. Code Ann. § 26-51-427 (1987).

The pertinent part of section 26-51-427 provides as follows:

> (2)     As used in this section, the term 'net operating loss' is defined as the excess of allowable deductions over gross income for the taxable year, subject to the following adjustments:
> (A)     There shall be added to gross income *all non-taxable income, not required to be reported as gross income, as provided by law*, less any expenses properly and reasonably incurred in earning nontaxable income, which expenses would otherwise be nondeductible[.] (emphasis added)

The income items in question include rents, interest, and dividends which, as acknowledged by both parties, clearly fall within the definition of gross income. *See* Ark. Code Ann. § 26-51-404(a)(1) (1987). It was also agreed by both parties that the nonbusiness income items were not subject to Arkansas tax since they were allocated to other states in accordance with the Uniform Division of Income for Tax Purposes Act, (UDITPA) codified at Ark. Code Ann. § 26-51-701 through -723 (1987). (The UDITPA provides uniformity among the states in taxing the income of multi-state corporations and strives to avoid potential taxation of the same income by providing for a fair means of assigning taxable income among the states. *See Qualls v. Montgomery Ward & Co., Inc.*, 266 Ark. 207, 585 S.W.2d 18 (1979)).

SSW contends that section 26-51-427(2)(A) mandates a showing of two things before income can be added to gross income in calculating net operating loss: 1) the income must be "nontaxable" and 2) it must be income "not required to be reported as gross income." SSW maintains that although it is undisputed that the income is nontaxable, the income was required to be reported as gross income under section 26-51-404 (defining gross

income) and was subsequently allocated to other states; therefore, the items do not fall within the second provision of section 26-51-427(2)(A). We disagree.

The nonbusiness income items here, although clearly defined as "gross income" under our statute, were not required to be "reported as gross income" for purposes of taxation by this state, but merely for purposes of allocation under the UDITPA. As we noted earlier, all of the income in question was allocated to other states. The income was never "reported" or taxed in Arkansas. Simply put, we cannot equate, as SSW would have us do, the reporting of gross income for taxation purposes, as required by Arkansas law, with the inclusion of income in the formula for allocation. The latter is only a method of apportioning a taxpayer's taxable activity among the various states.

The result we reach is identical to our recent decision in *Kansas City So. Ry. Co.* v. *Pledger*, 301 Ark. 564, 785 S.W.2d 462 (1990). At issue in *Pledger* was certain dividend income specifically excluded from the term "gross income," and thus nontaxable, under sections 26-51-404(b). We held that section 26-51-427 mandates inclusion of all nontaxable income in the calculation of net operating loss.

Likewise, under our reasoning above, the income at issue here was nontaxable and was not required to be reported as gross income for Arkansas tax purposes under UDITPA. The difference lies only in the statute which makes the income nontaxable and excludes it from gross income reporting.

■■ By asserting the privilege of a net operating loss carryforward, SSW is claiming a deduction established by Arkansas law. The privilege is allowed only as a matter of legislative grace and one claiming the deduction bears the burden of proving that he is entitled to it and of bringing himself clearly within the terms of such conditions as may be imposed by statute. *Skelton* v. *B.C. Land Co.*, 256 Ark. 961, 513 S.W.2d 919 (1974); *Kansas City So. Ry. Co.* v. *Pledger, supra*. Similarly, we have held in numerous exemption cases that any tax exemption must be strictly construed against the exemption and any doubt suggests the exemption should be denied. *See Ragland* v. *General Tire and Rubber Co.*, 297 Ark. 394, 763 S.W.2d 70 (1989). SSW has not demonstrated that it is entitled to the deduction within the

terms imposed by statute. Thus, we hold that the Commissioner's computation of SSW's net operating loss was correct and that the nonbusiness income items must be added to gross income in calculating this loss.

Affirmed.