| AARON'S, INC. | * | NO. 2019-CA-0443 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| NORMAN S. FOSTER, | * | |
| DIRECTOR OF FINANCE AND | | FOURTH CIRCUIT |
| EX-OFFICIO TAX | * | |
| COLLECTOR OF ORLEANS | | STATE OF LOUISIANA |
| PARISH; ERROL G. | * * * * * * * | |
| WILLIAMS, ASSESSOR FOR | | |
| ORLEANS PARISH; AND THE | | |
| LOUISIANA TAX | | |
| COMMISSION | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-01063, DIVISION "F"
Honorable Christopher J. Bruno, Judge
* * * * * *
**Judge Terri F. Love**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Dale N. Atkins)

**LEDET, J., CONCURS IN THE RESULT**
**ATKINS, J., CONCURS IN THE RESULT**

John W. Colbert
Justin P. Lemaire
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112-4042

      COUNSEL FOR PLAINTIFF/APPELLANT, AARON'S, INC.

John J. Weiler
Christian N. Weiler
Reese F. Williamson
WEILER & REES, LLC
909 Poydras Street, Suite 1250
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE, ERROLL G. WILLIAMS, ASSESSOR FOR ORLEANS PARISH

Brian A. Eddington
3060 Valley Creek Drive, Suite A
Baton Rouge, LA 70808

      COUNSEL FOR *AMICUS CURIAE*, THE LOUISIANA ASSESSORS' ASSOCIATION

**AFFIRMED**
**SEPTEMBER 25, 2019**

This appeal arises from the plaintiff's payment of *ad valorem* taxes under protest. Plaintiff operates stores in the lease-to-own personal property business. Plaintiff claimed an exemption from the Orleans Parish *ad valorem* taxes because the personal property was being used in the homes of its customers. Plaintiff and the tax assessor filed motions for summary judgment, contending each was entitled to judgment as a matter of law. The trial court granted the tax assessor's motion for summary judgment, finding that no exemption applied to the plaintiff.

We do not find that plaintiff proved that an *ad valorem* tax exemption was provided for by the Louisiana Constitution for its leased personal property. Art. VII, §21(C)(9) of the Louisiana Constitution applies to owners using their property in their home, as opposed to a commercial owner leasing out personal property to customers for use in their homes. Further, La. R.S. 9:3362 requires that rental-purchase agreements be treated as sales for state and local sales tax purposes, not for *ad valorem* tax purposes. The tax assessor's motion for summary judgment was properly granted and the judgment of the trial court is affirmed.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Aaron's, Inc. ("Aaron's") is a Georgia corporation that operates fifty

company-owned stores in Louisiana, which focus primarily on the rent-to-own personal property business.

In 2017, Aaron's received two *ad valorem* tax bills from the City of New Orleans: 1) #207101228 - $18,348.81 and 2) #39P232411 - $5,383.12 for a total of: $23,731.93. Aaron's paid the 2017 *ad valorem* taxes assessed by the City of New Orleans under protest. Aaron's then filed a Petition for Recovery of Ad Valorem Tax Paid Under Protest against Norman S. Foster, in his official capacity as Director of Finance and Ex-officio Tax Collector of Orleans Parish; Erroll G. Williams, in his official capacity as the Assessor for Orleans Parish; and the Louisiana Tax Commission. Aaron's contended that it paid $16,754.32 under protest. However, Aaron's did not dispute that the remaining $6,977.61 was owed.

Aaron's and Assessor Williams entered into Joint Stipulations as to the type of business Aaron's conducts and attached copies of Aaron's standard lease agreement, lease order form, and a letter to Mr. Foster documenting the payment under protest to the stipulations. Aaron's then filed a Motion for Summary Judgment contending that it was entitled to judgment as a matter of law because an exemption from *ad valorem* taxation was clear and unambiguous. Assessor Williams also filed a Motion for Summary Judgment averring that Aaron's was not entitled to an exemption, as a matter of law. After the parties filed oppositions and replies, the trial court held a hearing wherein it stated:

> . . . I think the - - it seems to me the intent of the Constitutional Article 7, Section 21 is designed to - - I know they maybe did not envision a rental - - furniture rental company at the time. Certainly it was designed to avoid taxation on my personal property of my home.
> I think what you are trying to do is take advantage of that provision to apply it to a commercial lender of furniture - - commercial lender/seller of furniture to avoid paying your share of taxes; your obligation to pay

2

> your tax under inventory is what we are talking about here. That is not - - that is not what this was intended to cover.
>
>            \*            \*            \*
>
> I think that Aaron's view of the Constitution Article Section 7 [sic], 21 is a bit ambitious. I do not think that this Constitution article was designed to protect Aaron's from paying ad valorem taxes on its inventory particularly when the property remains - - particularly when Aaron's remains the owner of the property. Even though the renter can become the owner it does not necessarily happen. When it does obviously the property then becomes exempt under Constitutional Article 7, Section 21.

The trial court then granted Assessor Williams' Motion for Summary Judgment and denied the Motion for Summary Judgment of Aaron's. Aaron's request for a refund was denied and the claims were dismissed with prejudice. Aaron's then filed a Motion for Suspensive Appeal and deposited a cash bond.

Aaron's maintains that the trial court erred in the application of Art. VII, §21(C)(9) of the Louisiana Constitution and La. R.S. 9:3362.

## *MOTION FOR SUMMARY JUDGMENT*

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The favored "procedure is designed to secure the just, speedy, and inexpensive determination of" actions. La. C.C.P. art. 966(A)(2). The party filing the motion for summary judgment carries the burden. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court . . . the mover" must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* Then "[t]he burden is on the adverse party to

3

produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

Appellate courts review summary judgments utilizing the *de novo* standard of review. *Richard v. Turner*, 09-0161, p. 4 (La. App. 4 Cir. 7/1/09), 16 So. 3d 523, 525. This Court will review the record "'using the same criteria applied by trial courts to determine whether summary judgment is appropriate.'" *Mason v. T & M Boat Rentals, LLC*, 13-1048, p. 3 (La. App. 4 Cir. 3/19/14), 137 So. 3d 741, 743 (quoting *Transworld Drilling Co. v. Texas Gen. Res., Inc.*, 604 So. 2d 586, 589 (La. App. 4th Cir. 1992)).

Further, "[t]he proper interpretation of a statute is a question of law and thus, is reviewed by this court under a *de novo* standard of review." *S. Yacht Club v. Zeno*, 12-1309, p. 4 (La. App. 4 Cir. 3/27/13), 112 So. 3d 942, 944.

### *ARTICLE VII, §21(C)(9)*

Aaron's contends that the trial court erroneously applied Art. VII, §21(C)(9) of the Louisiana Constitution by finding that it was not entitled to an exemption from *ad valorem* taxation. Specifically, Aaron's maintains that the trial court ignored the clear and unambiguous, plain language of the provision.

Art. VII, §21(C)(9) of the Louisiana Constitution provides that "personal property used in the home or on loan in a public place" shall be exempt from *ad valorem* taxation. Aaron's contends that its personal property, leased out with its customers, constitutes personal property used in the home.

We begin with statutory interpretation. The Louisiana Supreme Court stated that "[f]irst and foremost is the rule that legislation is the solemn expression of the legislative will and, therefore, the interpretation of a law primarily involves the search for the legislature's intent." *City of New Orleans v. Louisiana Assessors'*

4

*Ret. & Relief Fund*, 05-2548, p. 19 (La. 10/1/07), 986 So. 2d 1, 16. Louisiana law provides that "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Further, "[w]hen the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit." La. R.S. 1:4. Moreover, "words of a law must be given their generally prevailing meaning." La. C.C. art. 11. However, "[w]hen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. C.C. art. 10. "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole." La. C.C. art. 12. In addition, "[l]aws on the same subject matter must be interpreted in reference to each other." La. C.C. art. 13.

"Nevertheless, the first and foremost principle in a tax exemption case is that an exemption, being an exceptional privilege, must be expressly and clearly conferred in plain terms." *Sherwood Forest Country Club v. Litchfield*, 08-0194, p. 6 (La. 12/19/08), 998 So. 2d 56, 61. "Exemption provisions are strictly construed against the taxpayer claiming the benefit of an exemption and must be unequivocally and affirmatively established by the taxpayer." *Id*. "The taxpayer's stringent burden is to overcome the judicial maxim that 'to doubt is to deny the exemption.'" *Id*. (quoting *Citifinancial Retail Services Division of Citicorp Trust Bank, FSB v. Weiss*, 372 Ark. 128, 271 S.W.3d 494 (2008)). The Supreme Court stated that "[a]bsent a clear, unequivocal, and affirmative expression that the exemption from property taxes applies", one cannot be extended. *Sherwood*

5

*Forest*, 08-0194, p. 7, 998 So. 2d at 61.

Much like the reasoning by the Louisiana Supreme Court in *Warren County, Miss. v. Hester*, 219 La. 763, 54 So. 2d 12 (La. 1951),[1] we find a plain reading of the constitutional provision intended that the owner of the personal property is the party required to use the item in his/her home in order to qualify for the *ad valorem* tax exemption. Personal property on loan in a public place is also exempt. This demonstrates the intent to exempt personal property being used in someone's home by the owner or personal property being used for the public good as opposed personal property owned by a business being used in a customer's home.

"[A]ssessments of movable property must be made only in the name of the person who owns the property at the time fixed by law and that person alone is personally liable for the tax." *State v. Liberto*, 181 So. 2d 822, 825 (La. App. 4th Cir. 1966). It stands to reason that if the owner of the property is the one assessed with the tax and is the only party responsible for payment of the tax, then the

---

[1] The Supreme Court reasoned as follows interpreting Art. 10, §4 of the Louisiana Constitution, "[a]ll public property":

> We think it plain that the exemption of all public property has reference only to property of Louisiana and its political subdivisions. There is no reason whatever to believe that the people of Louisiana, in adopting their constitution, intended to exempt from taxation the local property of foreign countries, other states or their political subdivisions.
>
> \*          \*          \*
>
> . . . In our view, the adjective 'all' was employed solely for the purpose of including in the exemption property owned by the various political subdivisions of the State as well as that of the State itself. Nor can we accord any weight to the decision, on first hearing, in *City of New Orleans v. Salmen Brick & Lumber Co.*, as it was set aside by the granting of a rehearing and finally rejected by the court on the rehearing. In the opinion on rehearing, Justice O'Neill, speaking for the majority, makes evident the ultimate view of the court that the phrase 'all public property' [135 La. 828, 66 So. 249.] does not include property of another State or political subdivision, for he cites, and comments upon with approval, the case of *State of Kansas ex rel. Taggart v. Holcomb*, 85 Kan. 178, 116 P. 251, 50 L.R.A.,N.S., 243, Ann.Cas.1912D, 800, where it was held that a standpipe or water plant, owned by Kansas City, Missouri, furnishing water to the inhabitants of that city but situated in the adjoining state of Kansas, was not public property as it did not belong to the state or any subordinate branch of the government of the state in which it was located.

*Hester*, 219 La. at 772-73, 54 So. 2d at 15.

owner is the one that is required to use the property in his/her home.

Our interpretation is further supported by reading La. R.S. 47:6006, which provides a credit for *ad valorem* taxes paid on inventory. "'The legislature is presumed to have acted with deliberation and to have enacted a statute in light of the preceding statutes involving the same subject matter.'" *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 06-0582, p. 10 (La. 11/29/06), 943 So. 2d 1037, 1045 (quoting *Louisiana Municipal Association v. State*, 04-0227, p. 36 (La. 1/19/05), 893 So. 2d 809, 837). "[C]ourts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter." *Hollingsworth v. City of Minden*, 01-2658, p. 4 (La. 6/21/02), 828 So. 2d 514, 517. If Art VII, §21(C)(9) intended to exempt Aaron's leased personal property, there would be no need for the legislature to enact a statute providing tax credits for *ad valorem* taxes paid.

As such, we find that the trial court did not err by denying Aaron's Motion for Summary Judgment based on Art. VII, §21(C)(9) because an exemption does not explicitly apply. Therefore, Aaron's did not meet its burden of establishing entitlement to the exemption.

### *LA. R.S. 9:3362*

Aaron's asserts that the trial court failed to apply La. R.S. 9:3362 to find that its personal property being leased was subject to the exemption.

La. R.S. 9:3362 provides:

> [r]ental-purchase agreements, as defined by R.S. 9:3352, shall be deemed to be sales for state and local tax purposes only. The tax due on such transactions shall be payable in equal monthly installments over the entire term of the rental-purchase agreement, rather than at the

7

inception of the agreement.

This statutory provision has yet to be interpreted by a Louisiana court.[2]

Aaron's contends that the provision requires that the lessee be considered the owner of the leased property, therefore, obviating the payment of *ad valorem* taxes. Conversely, Assessor Williams contends that the provision only applies to sales taxes.

In as much as the first sentence is ambiguous as to which taxes are impacted by La. R.S. 9:3362, we must examine the remainder of the statute[3] to help discern legislative intent. The second sentence requires that the taxes due on the "transactions" will be paid monthly as opposed to due when the agreement is confected. This sentence clearly demonstrates that the legislature intended that rental-purchase agreements be deemed sales for state and local sales tax purposes. Sales taxes are transactional based, as well as being calculated and due at the time of sale. *Ad valorem* taxes are not based upon a transaction and are not normally due when the rental-purchase agreement is entered, as ownership and, therefore, *ad valorem* responsibility, does not transfer until the customer opts to purchase the property and make the required payments.

Accordingly, we find that Aaron's failed to prove that La. R.S. 9:3362 created an exemption from *ad valorem* taxes that would apply to its leased personal

---

[2] This Court notes that we need not interpret the statute in the present matter. "[O]ur legislature is powerless to create tax exemptions or enlarge the scope of those provided by the Constitution." *Hester*, 219 La. at 771, 54 So. 2d at 14. Art. VII, §21 of the Louisiana Constitution lists exemptions for *ad valorem* taxation and also states that "no other shall be exempt from ad valorem taxation." "Given the mandatory prohibition set forth in Article VII § 21 the legislature is prohibited from granting any exemptions from ad valorem taxation different from the exclusive exemptions granted in the Constitution." *Kansas City S. Ry. Co. v. Louisiana Tax Comm'n*, 95-2319, p. 14 (La. App. 1 Cir. 6/28/96), 676 So. 2d 812, 822. Accordingly, in as much as the statute would grant an *ad valorem* exemption to Aaron's where the Louisiana Constitution did not, such an exemption would be invalid.

[3] "[C]ourts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." *Hollingsworth*, 01-2658, p. 5, 828 So. 2d at 517.

property.  As a matter of law, Assessor Williams was entitled to summary judgment and a denial of Aaron's Petition for Recovery of Ad Valorem Tax Paid Under Protest.  As such, the trial court did not err by granting Assessor Williams' Motion for Summary Judgment and dismissing the claims of Aaron's with prejudice.

## *DECREE*

For the above-mentioned reasons, we do not find that Aaron's proved entitlement to an *ad valorem* tax exemption for its leased personal property.  Art. VII, §21(C)(9) of the Louisiana Constitution applies to owners using their property in their home, as opposed to a commercial owner leasing out personal property to customers for use in their homes.  Further, La. R.S. 9:3362 requires that rental-purchase agreements be treated as sales for state and local sales tax purposes, not for *ad valorem* tax purposes.  Therefore, the trial court did not err by granting Assessor Williams' Motion for Summary Judgment and denying the Motion for Summary Judgment filed by Aaron's.  The trial court judgment is affirmed.

**AFFIRMED**